W. D. CAMERON *v.* LOUISVILLE, NEW ORLEANS & TEXAS RAILWAY COMPANY.

LIMITATIONS. *Constitutional law. Quieting titles. Act* 1888. *Period sufficient.*

Section 4 of act of 1888 (Laws, p. 40), "to quiet the title to certain lands in the Yazoo Delta," etc., declaring that actual occupancy for twelve months of land held under the decree in *Green* v. *Gibbs*, or under the auditor's deed therein provided for, shall bar any action for said land, is not objectionable as prescribing an unreasonably short period of limitation.

FROM the chancery court of Bolivar county.
HON. W. R. TRIGG, Chancellor.

On March 2, 1888, was passed an act of the legislature, entitled "An act to quiet and settle the title to certain lands in the Yazoo Delta, which were sold by the commissioners of the chancery court for the first district of Hinds county in the case of Joshua Green and others against Hemingway and Gibbs, treasurer and auditor, and *ex officio* liquidating levee commissioners." By said act the auditor was required, upon certain prescribed terms, to execute deeds to any person to lands held under said decree; and by section four of the act it is provided "that twelve months' occupation, at any time after the passage of this act, of any tract of land under any such conveyance from said commissioners of the Hinds county chancery court, or under said auditor's deeds, or of any part thereof, by any such occupant, claiming the whole, shall forever bar any action, either at law or in equity, for such tract."

The bill in this cause was filed by W. D. Cameron and others, claiming to be owners of certain lands in the said delta, and seeking to cancel the claim thereto of the Louisville, New Orleans and Texas Railway Co., which holds under the above mentioned decree in *Green* v. *Gibbs*, and also under the auditor's deed executed in accordance with the said act.

of 1888. As the decision of the court is made to rest wholly upon the provisions of that act, the sources of the title asserted by complainants and the statutes relied on in support of their title need not be stated.

Upon demurrer of defendant, the bill was dismissed and complainants appeal.

*Moore & Jones,* for appellants.

The act of 1888 presupposes a valid title in the levee board at the time of its passage, and applies where the title fails or is difficult of establishment "by reason of the lapse of time, the destruction of records, and the loss of original tax-collector's deeds." Here the defendant, vendee of the levee board, had no title whatever when that act passed. Besides, the act cannot affect complainants, because the bill shows them to be purchasers for value without notice of the levee title. Curative retrospective legislation cannot apply to defeat the equity of a *bona fide* purchaser who had already acquired title. Cooley, Con. Lim., 472.

The legislature cannot pass a statute of limitation unless reasonable time be given to assert existing rights. The period fixed by the above act is not reasonable. *Griffin* v. *McKenzie,* 50 Am. Dec., 393 (n); 13 Mich., 318; 91 Am. Dec., 261; 4 Metc., 292; 7 B. Mon., 168. See also reasoning in *Dingey* v. *Paxton,* 60 Miss., 1038.

*J. B. Harris,* for appellee.

Complainants are barred by section four of the act of 1888. The section is not unconstitutional because the period of limitation is too short. The courts will not inquire into the wisdom of the act of the legislature in fixing periods of limitations unless the time is so short as to result in a denial of justice. Cooley, Con. Lim., 450. One year is a reasonable time. *Terry* v. *Anderson,* 95 U. S., 628; 37 Mich., 308; 47 Mo., 268; 8 Bush., 348.

CAMPBELL, C. J., delivered the opinion of the court.

The averment of the bill "*that said defendants have been in actual possession of said land, claiming title to same under said deed from Gwin and Hemingway and said deed from the auditor, twelve months prior to the date of the filing of this bill,*" is fatal to it, for the case made brings it within the fourth section of the act, entitled "An act to quiet and settle the title to certain lands in the Yazoo Delta," etc., approved March 2, 1888.

It was within the power of the legislature to require all actions to recover any of the land described in the act to be brought within twelve months after the passage of the act. While what is a reasonable time in which to bring actions asserting existing rights is not a purely legislative question for final determination beyond the reach of the courts, we are unwilling to declare that the time prescribed was an unreasonably short period for the assertion of claims to land in the situation in which the lands mentioned by the act referred to were.

*Affirmed.*